# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY | : | |
| A/S/O Henry and Evelyn Banta, | : | |
| d/b/a Allstate Property and Casualty | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUAREZ CORPORATION INDUSTRIES | : | |
| d/b/a Eden Pure | : | NO. 19-1776 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                        **May 16, 2019**

After removing this products liability action from the Philadelphia Court of Common Pleas, defendant Suarez Corporation Industries d/b/a Eden Pure ("Suarez") now moves to transfer it to the Middle District of Pennsylvania where the incident giving rise to the claim occurred. Balancing the private and public interest factors of convenience and fairness weighs in favor of transfer. Therefore, we shall grant the motion.

### Factual and Procedural Background

On January 16, 2018, a fire occurred at the property located at 550 Culver Hill Road in West Pittston, Pennsylvania, resulting in substantial damage.[1] At the time, Allstate provided Henry and Evelyn Banta a homeowners' insurance policy covering the property.[2] Allstate paid the Bantas pursuant to the policy for the damages. As subrogee of the Bantas, Allstate brought this action against Suarez, the manufacturer of the heater that Allstate alleges was defective and caused the fire.[3]

---

[1] Compl. ¶¶ 9-13 (ECF No. 1).

[2] *Id.* ¶ 2.

[3] *Id.* ¶ 3.

Moving to dismiss the complaint, Suarez argues that venue is improper under Rule 12(b)(3). In the alternative, it seeks transfer to the Middle District of Pennsylvania under 28 U.S.C. § 1404 where the fire occurred.

Allstate argues that this district is a proper venue because Suarez has sufficient contacts to subject it to personal jurisdiction here. Allstate is correct that under 28 U.S.C. § 1391(d), venue in this district is proper. But, that is not the end of the inquiry. Suarez contends that the Middle District is a more convenient venue. Thus, although venue is proper here, we must still conduct an analysis under § 1404.

**Analysis**

Venue is determined as follows: (1) when all defendants reside in the same state in which the district is located, the district within which any defendant resides; (2) the district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) where there is no other district in which the action can be brought, the district, not the state, where a defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. §§ 1391(b)(1)-(3). The third basis is a fallback provision that applies only if venue is not available in any district under (b)(1) or (b)(2).

A defendant moving for transfer of venue bears the burden of demonstrating that (1) the case could have been brought initially in the proposed district; (2) the proposed district will be more convenient for the parties and the witnesses; and (3) transfer will be in the interest of justice. 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

Allstate could have brought the action in the Middle District. The event giving rise to the claim—the fire and damage allegedly caused by Suarez's heater—took place there.

Once the defendant establishes that the action could have been brought in the proposed district, the court must weigh several private and public interest factors to determine whether the balance of convenience tips in favor of transfer. *Jumara*, 55 F.3d at 879-80. Among the factors considered when determining whether transfer is more convenient for the parties and in the interest of justice are: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties in light of their relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and (9) "public interest" factors, such as congestion of court dockets and the relationship of the jury and the community to the underlying district. *Id.* Depending on the nature and the facts of the case, these factors overlap and are intertwined.

Because the analysis involved is "flexible and individualized," a court has broad discretion in deciding a motion for transfer of venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Despite this wide latitude, a transfer motion is not to be granted without a careful weighing of factors favoring and disfavoring transfer. *See Shutte*, 431 F.2d at 24-25.

*The plaintiff's choice of forum*

The plaintiff's choice of forum typically receives "paramount consideration." *Id.* at 25. However, the plaintiff's choice is given less deference where he does not live in the forum and none of the operative facts occurred there. *Buckeye Pennsauken Terminal LLC v. Dominique Trading Corp.*, 150 F. Supp. 3d 501, 509 (E.D. Pa. 2015).

Allstate does not reside in this district. It resides in Illinois. None of the operative facts occurred in this district. The only connection to this district is Allstate's attorney's office is here. In the absence of any meaningful connection to this district, Allstate's choice of forum is not given the usual deference accorded a plaintiff's choice.[4]

*The defendant's preferred forum*

Suarez prefers the Middle District of Pennsylvania because the claims arose there. Thus, the defendant's choice of forum favors transfer.

*The place where the claim arose*

Where the claim arose implicates other factors in the analysis. It involves questions of access to proof, convenience of the parties and the witnesses, availability of witnesses, and efficiency concerns. Hence, determining the place where the claim arose will inform the evaluation of these other factors.

Allstate's claim arose in the Middle District of Pennsylvania. Suarez's heater was installed and used by the Bantas at their property there where it allegedly caused a fire. The resulting damage occurred there. This factor weighs in favor of transfer.

*The relative ease of access to the sources of proof*

There are no sources of proof in this district. Evidence about how the fire occurred and how the heater functioned is primarily in the Middle District of Pennsylvania. Investigations of the incident have been conducted at the Bantas' residence in West Pittston. Further investigative inspections of the scene may be necessary. Inspection of the product by experts can be conducted anywhere. This factor favors transfer.

---

[4] Allstate may prefer this district. But, it is doubtful that its insured, the subrogors, do. They reside in the Middle District.

4

*The convenience of the parties*

No matter where the action is tried, the parties' representatives will have to travel. None of them are residents or working in this state. The Eastern District will not be more or less convenient than the Middle District courthouses in Scranton, Wilkes-Barre, Harrisburg, and Williamsport. Accordingly, this factor is neutral.

*Compulsory process for the attendance of witnesses*

The Bantas and witnesses to the fire and its aftermath all reside in the Middle District. So do the first responders and investigators. Consequently, they are beyond 100 miles of Philadelphia. Under these circumstances, the availability of compulsory process for the attendance of witnesses favors transfer.

*The convenience of the witnesses*

The convenience of non-party witnesses is a "particularly significant factor" that weighs heavily in the analysis. *Family Fin. Ctrs. v. Cox*, No. 14-5330, 2015 WL 790038, at *7 (E.D. Pa. Feb. 25, 2015) (citations omitted). None of the potential witnesses reside in the Eastern District. Most, if not all, are in the Middle District. Those most inconvenienced by litigating the case here are Allstate's insured, who reside in the Middle District and whose testimony is essential. Thus, the convenience of the witnesses strongly favors transfer.

*The practical problems that make trial of a case expensive and inefficient*

There will be some inconvenience to both parties and witnesses regardless of where the action is tried. Trying this case in the Middle District, where the fire occurred and the witnesses are located, will be more efficient than resolving the case here.

*The "public interest" factors*

Trial in this district will impose jury service upon citizens of this district who have no connection to the dispute or the parties. The Eastern District has no interest in this case. No individuals, parties, or witnesses reside here. The only connection to this district is that the defendant conducts business here and Allstate's attorney is here.[5] In contrast, a Middle District jury has an interest in the resolution of the dispute that arose there and where Allstate's subrogors, whose testimony will be needed, reside.

Because the Middle District has an interest in resolving this case and the Eastern District has none, we conclude that the public interest factors weigh in favor of transfer.

## Conclusion

The private and public interest factors of convenience and fairness weigh in favor of transferring the case to the Middle District of Pennsylvania. Therefore, in the interest of justice, we shall grant the motion to transfer venue.

---

[5] Allstate's attorney is located in the Eastern District; and Suarez's counsel is in Scranton. The convenience of counsel is not a factor in the transfer analysis. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) (citation omitted).